IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-591

No. COA22-33

Filed 6 September 2022

Mecklenburg County, No. 16-SP-3875

IN THE MATTER OF THE PROPOSED FORECLOSURE of a Claim of Lien filed on Calmore George and Hygiena Jennifer George by The Crossings Community Association, Inc. dated August 22, 2016, recorded in Docket No. 16-M-6465 in the Office of the Clerk of Court of Superior Court for Mecklenburg County Registry by Sellers, Ayers, Dortch & Lyons, P.A. Trustee.

Appeal by Petitioners, and cross-appeal by Intervenors, from order entered 20 August 2021 by Judge Nathaniel J. Poovey in Mecklenburg County Superior Court. Heard in the Court of Appeals 10 August 2022.

*Thurman, Wilson, Boutwell & Galvin, P.A., by James P. Galvin, for Petitioners-Appellants Calmore and Hygiena George.*

*Sellers, Ayers, Dortch, & Lyons, P.A., by Michelle Massingale Dressler, for Respondent-Appellee/Cross-Appellee The Crossings Community Association.*

*James, McElroy & Diehl, P.A., by Preston O. Odom, III, for Intervenor-Appellee/Cross-Appellant KPC Holdings.*

*DeVore, Acton & Stafford, P.A., by Derek P. Adler, for Intervenor-Appellee/Cross-Appellant National Indemnity Group.*

GRIFFIN, Judge.

¶ 1    Petitioners Calmore George and Hygiena Jennifer George appeal from an order denying their request for restitution and attorneys' fees. The Georges assert that the trial court erred in finding that they did not qualify for recovery of attorneys' fees

under N.C. Gen. Stat. § 47F-3-116, and further argue that the trial court abused its discretion in failing to award restitution under N.C. Gen. Stat. § 1-108. Intervenor KPC Holdings has filed a cross-appeal asserting that the trial court abused its discretion in failing to award restitution for the cost of the invalidated foreclosure sale. We reverse the decision of the trial court which withheld attorneys' fees and restitution from the Georges. As to the cross-appeal, we affirm the trial court's decision not to award restitution to KPC.

## I. Factual and Procedural History

¶ 2    This case is an appeal following remand of *In re George*, 377 N.C. 129, 2021-NCSC-35. A full statement of the facts from this case can be found in the prior appeal; however, "we limit our discussion in this opinion to the facts and procedural history relevant to the issues currently before us." *Premier, Inc. v. Peterson*, 255 N.C. App. 347, 348, 804 S.E.2d 599, 601 (2017).

¶ 3    The Georges owned a home in Charlotte located in the Crossings Community subdivision. On 22 August 2016, the Crossings Community Association, Inc. (the "Association"), filed a claim of lien in the amount of $204.75 against the Georges' property—the amount of unpaid homeowner's association fees.

¶ 4    On 11 October 2016, a notice of hearing was filed which stated that the Association intended to foreclose on the property to collect the unpaid fees. On 12 October 2016, Deputy Sheriff Shakita Barnes of the Mecklenburg County Sheriff's

Office mistakenly served personal notice of foreclosure upon the Georges' daughter, Jeanine George.

¶ 5        The nonjudicial foreclosure sale was subsequently initiated, and on 12 January 2017, KPC purchased the property at auction for $2,650.22. On 21 March 2017, KPC conveyed the property to National Indemnity Group, with the sale secured by a promissory note and deed of trust in the amount of $150,000.

¶ 6        On 18 April 2017, the Georges filed a motion to set aside the foreclosure sale and the subsequent transactions pursuant to N.C. R. Civ. P. 60(c), claiming that notice had not been properly served. On 17 July 2017, National Indemnity was introduced as an intervening party by the trial court.

¶ 7        On 9 August 2017, the trial court entered an order concluding that the Georges had not been properly served with notice of foreclosure and invalidating the foreclosure sale and the subsequent conveyances for lack of personal jurisdiction.

¶ 8        On 3 November 2017, KPC and National Indemnity filed a motion for relief from judgment pursuant to N.C. R. Civ. P. 60(b)(6), requesting that the trial court vacate the previous order on the grounds that they were good faith purchasers for value and that the Georges had received constitutionally sufficient service. On 15 March 2018, the trial court entered an order concluding that neither KPC nor National Indemnity qualified as a good faith purchaser for value for purposes of N.C. Gen. Stat. § 1-108 and denying their motion for relief.

¶ 9 On appeal, the Supreme Court of North Carolina determined that "the trial court did not abuse its discretion in determining that KPC Holdings and National Indemnity were not entitled to good faith purchaser for value status." *In re George*, 2021-NCSC-35, ¶ 29. The trial court "had a rational basis for concluding that KPC Holdings paid a grossly inadequate price to purchase the property from the trustee and . . . had ample reason to question the sufficiency of the notice of the pendency of the foreclosure proceeding." *Id.* ¶ 32. Further, the Court affirmed the trial court's determination that "proper service of process had not been effectuated." *Id.* "[G]iven [the trial court's] decision to invalidate the results of the foreclosure proceeding and the resulting property transfers[,]" this case was subsequently remanded "for consideration of the issue of whether an award of restitution as authorized by [N.C. Gen. Stat. § 1-108] would be appropriate." *Id.*

¶ 10 The Georges seek to recover restitution after their home had been partially demolished while in the possession of Respondent and Intervenors. During the time that the Georges were excluded from the property, demolition work had begun on the home and "all the appliances" and "every bit of flooring" had been removed. The Georges also request restitution for other expenses, including an outstanding property tax liability of $11,931.55, alternative living expenses incurred while displaced from the home, and lost rental income. The Georges further seek to recover attorneys' fees related to the Rule 60(c) motion which set aside the foreclosure. On

cross-appeal, KPC seeks to recover the $2,650.22 payment made to the Association to purchase the home at auction.

On 20 August 2021, the trial court entered an order denying all motions for attorneys' fees and restitution. The Georges and KPC each timely filed notice of appeal from the order.

## II. Analysis

### A. Attorneys' Fees

We first consider whether the trial court erred in failing to award any attorneys' fees to the Georges under N.C. Gen. Stat. § 47F-3-116. The Georges assert that they are entitled to an award of reasonable attorneys' fees because they are the "prevailing party" in a "civil action relating to the collection of assessments." We agree.

The North Carolina Planned Community Act ("PCA") provides in part that "[a]ny judgment, decree, or order in any judicial foreclosure or civil action relating to the collection of assessments *shall* include an award of costs and reasonable attorneys' fees for the prevailing party[.]" N.C. Gen. Stat. § 47F-3-116(g) (2021) (emphasis added). "We review a trial court's decision whether to award mandatory attorney's fees *de novo*." *Willow Bend Homeowners Ass'n, Inc. v. Robinson*, 192 N.C. App. 405, 418, 665 S.E.2d 570, 573 (2008).

¶ 14    "[T]he action created by N.C.G.S. § 47F-3-116 is one in which a homeowners' association forecloses on a lien created under N.C.G.S. § 47F-3-116(a) for unpaid assessments." *Id.* Prior to 2013, N.C. Gen. Stat. § 47F-3-116(e) required an award of attorneys' fees for "[a] judgment, decree, or order in any action brought under this section." N.C. Gen. Stat. § 47F-3-116(e) (2011). In 2013, the statute was amended with broader and more inclusive language, now requiring an award of attorneys' fees in "*any* judgment, decree or order in *any* judicial foreclosure *or civil action relating to the collection of assessments*." N.C. Gen. Stat. § 47F-3-116(g) (2013) (emphasis added).

¶ 15    Here, in order for the Georges to recover under N.C. Gen. Stat. § 47F-3-116(g), they must establish: (1) that they were the prevailing party, and (2) that they prevailed in a civil action relating to the collection of assessments. *Id.*

¶ 16    The Georges have successfully challenged the order permitting foreclosure of the home. In granting the Georges' Rule 60 motion, the trial court set aside the foreclosure sale and the subsequent transfers of the deed for lack of proper service, thereby granting the relief sought by the Georges. *In re George*, 2021-NCSC-35, ¶ 32 ("[W]e hold . . . the Court of Appeals correctly affirmed the trial court's determination that proper service of process had not been effectuated upon Mr. George."). Accordingly, we hold that the Georges are a "prevailing party" under N.C. Gen. Stat. § 47F-3-116(g). We are confident that such a result fits within the broad reach of

"prevailing" in *"any* judgement, decree, or order." N.C. Gen. Stat. § 47F-3-116(g) (emphasis added). Respondent's contention that the Georges must "prevail" in the underlying foreclosure action is an impermissibly narrow reading of the statute.

¶ 17 Further, it is clear to this Court that the Georges prevailed in a "civil action relating to the collection of assessments." *Id.* "The action created by [N.C. Gen. Stat. §] 47F-3-116 is one in which a homeowners' association forecloses on a lien . . . for unpaid assessments," and the Rule 60 motion was necessary for the Georges to recover where the Association had foreclosed upon the home to collect the unpaid dues. *See Willow Bend*, 192 N.C. App. at 418, 665 S.E.2d at 578.

¶ 18 The broad nature of the statute's language convinces this Court that the Rule 60 motion is included within the meaning of *"any* . . . civil action *relating* to the collection of assessments." Denying recovery to the Georges here would run counter to the expansive protections afforded by this statute to homeowners, who in this case would be otherwise burdened with the cost of the Association's failure to notify. As such, the trial court erred in failing to award reasonable attorneys' fees as mandated by N.C. Gen. Stat. § 47F-3-116.

## B. Restitution for the Georges

¶ 19 We now consider whether the trial court abused its discretion in failing to award restitution to the Georges under N.C. Gen. Stat. § 1-108. The Georges assert that they are entitled to at least some restitution after their home was partially

demolished while in the possession of Respondents and Intervenors, and they seek to recover for a variety of expenses that resulted from their ejection from the property. We agree.

N.C. R. Civ. P. 60(b) "allows a party to obtain relief from a final judgment or order . . . [where] the judgment is void or any other reason justifying relief from the operation of the judgment exists." *In re George*, 2021-NCSC-35, ¶ 23 (quoting N.C. R. Civ. P. 60(b)) (internal quotation marks omitted). The authority granted to a trial judge "is equitable in nature . . . [and] appellate review is limited to determining whether the court abused its discretion." *Id.* (citations omitted). An abuse of discretion occurs when the trial court's determinations are "manifestly unsupported by reason." *Id.* (citation omitted).

"If a judgment is set aside pursuant to Rule 60(b) or (c) of the Rules of Civil Procedure and the judgment or any part thereof has been collected or otherwise enforced, such restitution may be compelled as the court directs." N.C. Gen. Stat. § 1-108 (2021).

This Court has found that a property owner may be entitled to restitution even where she has failed to set aside the deed pursuant to N.C. R. Civ. P. 60. *In re Ackah*, 255 N.C. App. 284, 293–94, 804 S.E.2d 794, 800 (2017) ("On remand, the superior court may enter an order not inconsistent with this opinion, which may include, for example, relief for Ms. Ackah in the form of restitution from the HOA, as authorized

by N.C. Gen. Stat. § 1-108."); *see also County of Mecklenburg v. Ryan*, 281 N.C. App. 646, 2022-NCCOA-90, ¶ 42 (2022).

¶ 23        Here, we hold that the trial court abused its discretion in failing to award *any* restitution for the damages suffered by the Georges.  While *In re Ackah* stands for the proposition that an owner who fails to recover her property may be entitled to restitution, it does not expressly limit the award of restitution to instances in which the property is lost.  *See In re Ackah*, 255 N.C. App. at 293–94, 804 S.E.2d at 800.

¶ 24        The recovery of a partially demolished home is a strikingly insufficient remedy for the extensive damages that the Georges have suffered from the defective foreclosure proceeding and Respondent's and Intervenors' actions in bad faith. Refusal to award any form of restitution here is "manifestly unsupported by reason," and is thus an abuse of the trial court's discretion.

**C. Cross-Appeal: Restitution for KPC**

¶ 25        KPC asserts that the trial court abused its discretion in denying restitution for the $2,650.22 purchase price of the voided foreclosure sale.  KPC argues that despite its failure to qualify as a good faith purchaser for value entitled to the protection of N.C. Gen. Stat. § 1-108, it should still be able to recover the purchase price of the home.  We disagree.

¶ 26        Our Supreme Court has held that "[o]ne who seeks equity must do equity." *Creech v. Melnik*, 347 N.C. 520, 529, 495 S.E.2d 907, 913 (1998).  "When equitable

relief is sought, courts claim the power to grant, deny, limit, or shape that relief as a matter of discretion. This discretion is normally invoked by considering an equitable defense, such as unclean hands or laches, or by balancing equities, hardships, and the interests of the public[.]" *Bartlett Milling Co., L.P. v. Walnut Grove Auction and Realty Co., Inc.*, 192 N.C. App. 74, 92–93, 665 S.E.2d 478, 492 (2008) (citations and quotation marks omitted).

¶ 27 "The doctrine of clean hands is an equitable defense which prevents recovery where the party seeking relief comes into court with unclean hands." *Ray v. Norris*, 78 N.C. App. 379, 384, 337 S.E.2d 137, 141 (1985). "[T]his Court has stated the clean hands doctrine denies equitable relief only to litigants who have acted in bad faith, or whose conduct has been dishonest, deceitful, fraudulent, unfair, or overreaching in regard to the transaction in controversy." *Brissett v. First Mount Vernon Indus. Loan Ass'n*, 233 N.C. App. 241, 255, 756 S.E.2d 798, 810 (2014) (citation and internal quotation marks omitted).

¶ 28 In the prior appeal, our Supreme Court affirmed that "[there is] a rational basis for concluding that KPC Holdings paid a grossly inadequate price to purchase the property from the trustee and . . . had ample reason to question the sufficiency of the notice of the pendency of the foreclosure proceeding[.]" *In re George*, 2021-NCSC-35, ¶ 32. More specifically, the record reveals that KPC was made aware of the notice defect after discussions with the Georges' counsel. After KPC was informed of the

potential defect, it declined to allow the Georges to repurchase the property for the auction price. KPC instead demanded that the Georges pay $150,000 to have the property returned and "almost immediately . . . [deeded the property] to National Indemnity Group for $150,000."

¶ 29 Though the trial court lacked a rational basis for withholding restitution to the Georges, we do hold that the trial court acted within its discretion in denying restitution to KPC. Such an abuse of discretion would occur "only when the trial court's determinations are manifestly unsupported by reason." *In re George*, 2021-NCSC-35, ¶ 23 (internal quotation marks omitted). In this Court's view, it is reasonable for the trial court to have determined that KPC's actions in bad faith bar its recovery.

¶ 30 Nor are we convinced that KPC should recover on a theory of unjust enrichment. "The doctrine of unjust enrichment was devised by equity to exact the return of, or payment for, benefits received under circumstances where it would be unfair for the recipient to retain them without the contributor being repaid or compensated." *Collins v. Davis*, 68 N.C. App. 588, 591, 315 S.E.2d 759, 761 (1984). However, it is fundamental that "[o]ne who seeks equity must do equity." *Creech*, 347 N.C. at 529, 495 S.E.2d at 913. KPC's unclean hands provided the trial court with a rational basis for declining to disgorge the Association of this benefit.

Therefore, we hold that the trial court acted within its discretion in denying restitution to KPC for the sale price of the home.

### III. Conclusion

For the reasons stated herein, the decision of the trial court is affirmed, in part, and reversed, in part, and this case is remanded for consideration of the issue of what constitutes a reasonable award of attorneys' fees and restitution for the Georges.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Judges ZACHARY and WOOD concur.